# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TONI WILLIAMS-GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV1958 JCH |
| | ) | |
| ELANTAS PDG, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Retaliation Claim and Strike the Allegations of Retaliation, filed January 7, 2019. (ECF No. 9). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Toni Williams-Green, an African-American female born in 1954, worked for Defendant Elantas PDG, Inc. ("Elantas" or "Defendant") from March 5, 2007, through August, 2016. (Compl., ¶¶ 2, 5). Elantas, an electrical insulation company, originally hired Plaintiff as a Raw Materials Analyst in the Quality Control department. (*Id.*, ¶¶ 3, 10). After a few years, Plaintiff moved to a Quality Control Analyst position in the same department. (*Id.*, ¶ 11).

On December 20, 2012, Alvin "Jay" Jones sent an email to all Elantas employees regarding an open position in the Customer Service Relations department for a Customer Service Relations Manager ("CSR Manager"). (Compl., ¶ 15 and Defendant's Answer thereto). Plaintiff informed Mr. Jones that she wanted to apply for the CSR Manager position, and emailed him her resume. (*Id.*, ¶¶ 17, 18). She initially interviewed for the position with Defendant's Vice President and Chief Financial Officer, its Business Development Manager, Emerging

Technologies, its Manager of Production Control, and Mr. Jones. (*Id.*, ¶ 19). Plaintiff also completed both an online assessment and critical thinking appraisal tests for the CSR Manager position. (*Id.*, ¶¶ 22, 23). Plaintiff then interviewed with Dana Roschnafsky, the previous CSR Manager. (*Id.*, ¶ 26). On or about February 28, 2013, Mr. Jones sent an email to all Elantas employees, informing them that Elantas was promoting Diana LaRose to the CSR Manager position. (*Id.*, ¶ 29).[1]

According to Plaintiff, on February 28, 2013, the same day that Mr. Jones announced Ms. LaRose's promotion, Plaintiff emailed Mr. Jones expressing her disappointment in the hiring process. (Compl., ¶ 37). Plaintiff allegedly followed up on this email in person, informing Mr. Jones that she believed Elantas had failed to promote her because of her race and age. (*Id.*).

On June 7, 2013, Elantas placed Plaintiff on a performance improvement plan ("PIP"). (Compl., ¶ 38). Cindy Davey, Plaintiff's supervisor, and Allan Crossan, Line Supervisor, met with Plaintiff regarding the PIP, telling her that she needed to perform more lab tests during her shifts. (*Id.*, ¶¶ 38, 39).[2] Plaintiff alleges she then received three employee disciplinary reports over the next few months. (*Id.*, ¶ 40). She believes Elantas gave her the PIP and disciplinary reports to discourage her from applying for future promotions, and to punish her for complaining about the discriminatory promotion of Ms. LaRose. (*Id.*, ¶ 41).

Plaintiff filed the instant Complaint on November 20, 2018, alleging Defendant discriminated against her on the bases of race and age, and retaliated against her when she opposed the discrimination, both in violation of Title VII of the Civil Rights Act of 1964, as amended. (ECF No. 1). As noted above, Defendant filed the instant Motion to Dismiss

---

[1] Ms. LaRose worked as an Executive Administrative Assistant at Elantas. (Compl., ¶ 31).
[2] Plaintiff maintains she tried to clarify the number of tests that Ms. Davey and Mr. Crossan expected, but they would not give her an exact number. (Compl., ¶ 39).

Plaintiff's Retaliation Claim and Strike the Allegations of Retaliation on January 7, 2019, asserting Plaintiff failed to exhaust her administrative remedies with respect to her claim of retaliation. (ECF No. 9).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

Upon review of Defendant's Motion to Dismiss and related memoranda, the Court finds dismissal is not appropriate at this time. "At the motion to dismiss stage, the only issue before the Court is whether the pleadings state a cause of action that is plausible on its face." *Cross v. MHM Correctional Services, Inc.*, 2014 WL 1316787, at *3 (E.D. Mo. Mar. 31, 2014). Except

under limited circumstances, "[t]he Court may not look outside the pleadings when entertaining a motion to dismiss." *Id.*

Plaintiff here attached to her opposition to Defendant's motion four exhibits: Plaintiff's Charge of Discrimination; a letter from counsel for Elantas to Mr. Philip Taylor of the St. Louis Civil Rights Enforcement Agency; a letter from Mr. Taylor to Plaintiff; and Plaintiff's responsive letter to Mr. Taylor. (*See* ECF Nos. 14-1 through 14-4). Upon consideration, the Court finds at least some of these exhibits are not appropriate for consideration on a Motion to Dismiss. *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366) (Matters outside the pleadings include "'any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'"). Under these circumstances, the Court finds the issue raised in Defendant's motion is more properly addressed on summary judgment, with a full record before the Court.[3] Defendant's motion will therefore be denied.

---

[3] As further support for its deferral, the Court notes neither party addressed the fact that despite the PIP not being implemented until June 7, 2013, in her Charge of Discrimination Plaintiff asserts the discrimination took place between March 1, 2013, and May 31, 2013, and was not a continuing action.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Retaliation Claim and Strike the Allegations of Retaliation (ECF No. 9) is **DENIED**.

Dated this ___18th___ Day of January, 2019.

                                          /s/ Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE